**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JORDAN WIESMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  CIV-25-50-JD |
| | ) | |
| STATE FARM FIRE AND | ) | |
| CASUALTY COMPANY; HEATHER | ) | |
| COTTRILL, an individual; HEATHER | ) | |
| COTTRILL INSURANCE & | ) | |
| FINANCIAL SERVICES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S
MOTION FOR PROTECTIVE ORDER AND TO QUASH AND/OR STAY
DEPOSITION NOTICE OF NICOLE MANDUCA AND BRIEF IN SUPPORT**

Defendant State Farm Fire and Casualty Company ("State Farm") respectfully

moves for a protective order and to quash Plaintiff's March 20, 2026, Notice to Take

Deposition of Nicole Manduca, a Claims Manager in State Farm's Property & Casualty

department, who had no involvement in the handling of Plaintiff's insurance claim (Dkt.

40, the "Manduca Notice"). In issuing the Manduca Notice, Plaintiff has failed to identify

any claim-specific documents or testimony—or articulate any basis at all—that would

justify his demand to depose Ms. Manduca. Nor can he. Plaintiff has not even deposed the

individuals *who were actually involved in* handling his insurance claim. Thus, while State

Farm disputes Ms. Manduca has any unique, relevant, or proportional information, taking

her deposition is at the very least premature until and unless Plaintiff can "describe with a

reasonable degree of specificity, the information [he] hope[s] to obtain and its importance

to their case." *Schultz v. Sentinel Ins. Co., Ltd.* No. 4:15-CV-04160-LLP, 2016 WL 3149686, at *3 (D.S.D. June 3, 2016) (citing *Cervantes v. Time, Inc.*, 464 F.2d 986, 994 (8th Cir. 1972)). He has not done so.

Absent any such articulation, Plaintiff's demand to depose Ms. Manduca can only be based on mere speculation that she *may* possess some useful information. But "[m]ere speculation that information might be useful will not suffice." *Id.* Plaintiff cannot depose Ms. Manduca without any evidence or indication that she possesses unique, relevant, and proportional information about the handling of Plaintiff's insurance claim. This Court should quash the Manduca Notice and enter a protective order.

## **BACKGROUND**

1.      This case arises from an insurance claim for $24,196 in alleged damages to a single insured property resulting from a single weather event, which allegedly occurred on or about May 21, 2024. State Farm promptly and properly investigated the claim and determined that the loss was below the deductible.

2.      On August 27, 2024, State Farm conducted another inspection of Plaintiff's property. After the inspection, State Farm, applying the terms, conditions, and exclusions of Plaintiff's policy (the "Policy"), updated its estimate. The actual cash value of the loss did not exceed the deductible; however, an additional amount of $1,741.59 was available for replacement cost benefits and could be claimed upon completion of the repairs.

3.      On November 27, 2024, Plaintiff filed a lawsuit in Oklahoma state court against State Farm and Heather Cottrill Insurance & Financial Services, LLC, ("Cottrill Agency"), bringing claims against State Farm for breach of contract and the duty of good

faith and fair dealing; claims against Cottrill Agency for negligent procurement of insurance; and claims against all Defendants for constructive fraud and negligent misrepresentation. Pet. ¶¶ 45–79 (Dkt. 1-5). Plaintiff alleges that State Farm inadequately inspected his property and "that State Farm's adjuster manipulated the estimate to report such little damage that the Claim fell below the Policy deductible." *Id*. ¶¶ 40(c), (e).

4.      Plaintiff further alleges that State Farm and its agents are engaged in an enterprise-wide "scheme" to deny claims, particularly full roof replacements, through *inter alia*, various claims handing "tactics" wherein State Farm "misattributes" damage to noncovered losses and fails to disclose this "scheme" at policy inception or renewal.

5.      Plaintiff also alleged Cottrill Agency was engaged in an underwriting scheme and that it breached a laundry list of alleged "duties," ranging from procuring "illusory coverage" that "deviat[es] substantially and materially from that which Plaintiff requested;" misrepresenting that Plaintiff was eligible for "full replacement coverage;" and failing to "disclose all material information" of a purported "scheme" by State Farm to lower indemnity payments. *Id*. ¶¶ 63; 73. Plaintiff, however, concedes that State Farm *did* issue a full replacement Policy. *Id*. ¶ 27 ("Agent procured and State Farm issued the Policy"); ¶ 25(d) ("By virtue of the act of procuring the Policy and binding coverage (without limitation)….").

6.      On October 14, 2025, however, the Court dismissed Plaintiff's claims against Cottrill Agency without prejudice, holding that Cottrill Agency was fraudulently joined. *See* Dkt. 28, Order at 14.

7.      On March 20, 2026, the same day Plaintiff issued the Manduca Notice, Plaintiff propounded his first discovery requests, which include dozens of requests, including 59 requests for production, 30 interrogatories, and 30 requests for admission.

8.      To date, State Farm has produced 569 pages of claim-specific documents, including the Policy and claim file. It also produced 136 pages of documents received pursuant subpoena from Blacksmith Roofing and Scoggins Roofing. It will also produce relevant documents responsive to Plaintiff's discovery requests.

9.      As relevant here, Nicole Manduca is a Claims Manager in Property & Casualty for State Farm—several levels above the Claims Specialist whom Plaintiff alleges handled his insurance claim—and she was not involved in the investigation, evaluation, or decisions regarding Plaintiff's insurance claim. Indeed, as part of her role and responsibilities, Ms. Manduca does not evaluate individual insurance claims or have responsibility for substantively managing the adjustment of individual homeowners' claims in Oklahoma.

10.     Nonetheless, instead of taking the logical (and only defensible) step of first exploring the knowledge of individuals close to the events underlying his insurance claim, Plaintiff has instead noticed the deposition of Nicole Manduca, who was not involved in handling his claim.

## ARGUMENTS AND AUTHORITY

**I.      THE COURT SHOULD QUASH THE MANDUCA NOTICE BECAUSE HER TESTIMONY IS IRRELEVANT AND DISPROPORTIONATE TO THE NEEDS OF THE CASE.**

The Court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *see also* Fed. R. Civ. P. 26(b)(2)(C) (allowing the Court to "limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that … the proposed discovery is outside the scope permitted by Rule 26(b)(1)"); *Capitol Records, Inc. v. Foster*, No. Civ. 04-1569-W, 2007 WL 9710830, at \*1 (W.D. Okla. Apr. 10, 2007) ("It is well established that trial courts have broad discretion in issuing protective orders and determining what degree of protection is required.").

Rule 26(b)(1) allows parties to obtain "discovery regarding any nonprivileged matter that is ***relevant*** to any party's claim or defense ***and proportional*** to the needs of the case." Fed. R. Civ. P. 26(b)(1) (emphasis added). Information is "relevant" if it has a "tendency to make a fact more or less probable than it would be without the evidence" and "is of consequence in determining the action." Fed. R. Evid. 401. Relevance is not simply assumed: "[w]hen the request is overly broad, or relevance is not clear, the party seeking the discovery has the burden to show the relevance of the request." *Stainsby v. Okla. ex rel. Okla. Health Care Auth.*, No. CIV-21-1073-D, 2022 WL 1748263, at \*1 (W.D. Okla. May 31, 2022). Nor does a "plaintiff's broad theory of the case . . . necessarily justify broad discovery," and courts should thus endeavor to "thwart fishing expeditions." *Willis v. Johnson*, No. CIV-18-323-D, 2021 WL 8446071, at \*2 (W.D. Okla. May 20, 2021); *see also Ross v. Univ. of Tulsa*, No. 14-CV-484-TCK-PJC, 2015 WL 13622518, at \*1 (N.D. Okla. Apr. 24, 2015).

Proportionality is as critical as relevance to discoverability. Fed. R. Civ. P. 26(b)(1). In fact, "the proper scope of discovery is that which is <u>both</u> relevant to the claims or defenses <u>and</u> proportional to the needs of the case, <u>considering</u> the various factors." *Dodd v. Indian Health Care Res. Ctr. of Tulsa, Inc.*, No. 24-CV-00327-SH, 2024 WL 4648150, at *2 (N.D. Okla. Nov. 1, 2024) (emphasis in original).[1] Here, as set forth below, the Court should quash the Manduca Notice because it seeks irrelevant information that is designed to harass and impose unreasonable burdens and expense on State Farm, and it is disproportionate to the needs of the case.

### A.     Plaintiff Has Not Demonstrated the Relevance of the Testimony He Seeks.

Plaintiff has not established that the deposition testimony of Ms. Manduca would be relevant to his claims. Nor can he. The Petition makes clear that Plaintiff is complaining about State Farm's purported conduct in connection with Plaintiff's Policy and insurance claim—i.e., the terms and application of the Policy and what State Farm said (or did not say) to Plaintiff.[2] But Ms. Manduca did not have any involvement in the investigation,

---

[1] These factors include: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

[2] *See, e.g.*, *Smith v. Am. Nat'l Prop. & Cas. Co.*, 508 F. Supp. 3d 1048, 1061 (N.D. Okla. 2020) ("The duty of an insured to 'read and know the contents of the [insurance] policy before he accepts it; is well established-under Oklahoma law.") (citing *Badgett v. Okla. Life Ins. Co.*, 176 Okla. 86, 54 P.2d 1059, 1062 (1935)); *Thurston v. State Farm Mut. Auto. Ins. Co.*, 2020 OK 105, ¶ 22, 478 P.3d 415, 421 (refusing to waive insured's duty to read his insurance policy and rejecting insured's argument to instead apply his "reasonable expectations" of what the policy covered); *Estrada v. Kriz*, 2015 OK CIV APP 19, ¶ 15,

evaluation, or decisions State Farm made regarding Plaintiff's insurance claim. And Plaintiff has not demonstrated that Ms. Manduca has information regarding any of the claims asserted in his Petition. Indeed, as a Claims Manager, Ms. Manduca does not have responsibility for substantively managing the adjustment of individual insurance claims. She also has a different role and is several levels above those who actually handled Plaintiff's insurance claim—i.e., those persons who *could* testify as to the investigation that led to State Farm's claim determination. Meanwhile, Plaintiff has not yet taken the depositions of the individuals who actually investigated and evaluated Plaintiff's insurance claim.

Plaintiff's attempt to depose an individual with no involvement in his insurance claim suggests Plaintiff is trying to advance his unfounded theories regarding a purported enterprise-wide "scheme" to deny policyholders' insurance claims. But such far-reaching allegations—which Plaintiff's counsel has copied in identical fashion in numerous cases[3]—do not justify deposing Ms. Manduca absent a logical, coherent showing that a purported scheme had an impact on Plaintiff's insurance claim, and that Ms. Manduca herself has specific knowledge of that impact on the single insurance claim at issue here. *Johnson*, 2021 WL 8446071, at *2 (stating that a "plaintiff's broad theory of the case does not necessarily justify broad discovery"). Plaintiff cannot establish that the testimony he seeks from Ms. Manduca is relevant to this dispute, and the Court should quash the Manduca

---

345 P.3d 403, 408 (stating that "an averment of fraud only exists where there is some 'false suggestion or suppression of the truth' . . .").

[3] As this Court has noted, "judges in this district have expressed concerns with this issue." Dkt. 28 at 5 n.3.

Notice for this reason alone—at minimum, until Plaintiff has deposed those persons who were involved in the handling of Plaintiff's insurance claim, and only if he is then able to tie his insurance claim result to his broader scheme allegations and Ms. Manduca.

To the extent Plaintiff seeks to depose Ms. Manduca based on her involvement with the Wind/Hail Fire Model Enhancement ("FME")—an effort State Farm first undertook in 2020 to improve consistency in handling wind/hail claims through training and documentation, and which addressed both overpayment and underpayment of insurance claims—he has failed to articulate a connection between the FME and the claim decision he challenges in this lawsuit. The claims here involve a dispute as to whether and to what extent a part of Plaintiff's house was damaged, and Plaintiff has not explained how any testimony regarding the FME that Ms. Manduca could provide is probative of the reasonableness of State Farm's claim handling and decision under the facts of this case, or whether Plaintiff's property, and which parts, were in fact damaged by wind and/or hail. Thus, while State Farm disputes Ms. Manduca has any unique, relevant, or proportional information, taking her deposition is at the very least premature until and unless Plaintiff can demonstrate that the FME is relevant to his claims and that Ms. Manduca has personal knowledge of how the FME impacted the claims decision he is challenging.

**B.     The Deposition of Ms. Manduca Is Not Proportional to the Needs of the Case.**

Even assuming Plaintiff could satisfy his burden of showing relevance, the Court should quash the Manduca Notice because Ms. Manduca's testimony is disproportionate to

the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).[4] This is a single homeowner's case involving a dispute over damages to a *single* Oklahoma property, yet Plaintiff is demanding that Ms. Manduca prepare and appear for deposition despite ***never touching*** the insurance claim at issue. And as noted above, Plaintiff has not yet deposed anyone with personal knowledge of the facts relating to his insurance claim. The Manduca Notice is an improper fishing expedition that this Court should quash.

*Evans v. Allstate Insurance Co.* is instructive. In *Evans*, the plaintiffs sued Allstate, alleging it improperly denied their fire loss claim, and sought to depose three of its officers. *See* 216 F.R.D. 515, 516 (N.D. Okla. 2003). Allstate contended that the corporate officers whom the plaintiffs sought to depose had no unique personal knowledge of the matters at issue and that the requests were burdensome, irrelevant, and propounded solely for the purpose of harassment and abuse. *Id*. at 518. Allstate also stated that the plaintiffs had taken the depositions of all adjusters and supervisors involved in the handling of the plaintiffs' insurance claim. *Id.* In response, the plaintiffs argued the depositions were necessary to prove their theory that a pervasive practice of inadequate supervision over Allstate claims adjusters existed within the corporation. *Id.* Considering both parties' positions, the court found that even if the plaintiffs had a right to explore those themes, Allstate had already provided

---

[4] *See also Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010) ("Rule 26(b), although broad, has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition."); *Chrisman v. Bd. of Cnty. Commissioners of Oklahoma Cnty.,* No. CIV-17-1309-D*,* 2020 WL 7033965, at *3 (W.D. Okla. Nov. 30, 2020) ("While the scope of discovery is broad, it is not unlimited and is further defined by proportionality considerations. A plaintiff's broad theory of the case does not necessarily justify broad discovery. Further, courts should thwart fishing expeditions.") (internal cites omitted).

adequate information, or that the information could be obtained from other sources without the depositions of the officers sought. *Id.* Accordingly, the Northern District granted Allstate's motion for a protective order prohibiting the depositions of the officers. *Id.*

Like the officers in *Evans*, Ms. Manduca has no unique personal knowledge of the facts and circumstances surrounding Plaintiff's insurance claim. Indeed, Ms. Manduca does not even manage those who **were** substantively involved in the investigation and determination of Plaintiff's claim. To the extent Plaintiff seeks discovery regarding his allegations that the adjusters were influenced by some nefarious "scheme," he should first test those theories via the individuals with knowledge of how Plaintiff's insurance claim was handled. Stated differently, this case presents an even easier factual scenario for the Court than *Evans* presented because, here, Plaintiff has not deposed adjusters or supervisors with direct, substantive involvement in reaching the decision made for Plaintiff's insurance claim—a step which already had been exhausted in *Evans* but still was not sufficient to allow for the depositions of noninvolved managerial employees. Subjecting Ms. Manduca to a deposition based on mere speculation that she **may** have information not available from other sources exceeds the bounds of permissible discovery. *Schultz*, 2016 WL 3149686, at *3 ("Mere speculation that information might be useful will not suffice."). At best, Ms. Manduca's testimony would be cumulative of any testimony from those who actually handled Plaintiff's insurance claim.

Courts regularly reject parties' attempts to depose high-level individuals before they depose individuals with personal knowledge of the events underlying the claims at issue. The Court should likewise reject Plaintiff's attempt to depose Ms. Manduca here. *Cf. Todd*

10

*v. Ocwen Loan Servicing, Inc.*, No. 219CV00085JMSDLP, 2019 WL 8272621, at *3 (S.D. Ind. Dec. 13, 2019) ("Plaintiff has yet to take a deposition in this case, but desires to start that process at the top of the food chain with the former CEO of the Defendant's parent company . . . . [W]hat the Plaintiff forgets, however, is that this case is limited to a single-plaintiff consumer protection matter regarding the handling of [Plaintiff's] mortgage loan. This is not a nationwide collective action; if it were, deposing an executive may potentially be relevant, proportional, and permissible."); *see also* Summary Order, *Foster v. State Farm Fire and Cas. Co., et al.*, No. CJ-2023-1426 (Okla. Dist. Ct. Cleveland Cty. Jan. 28, 2026) (granting State Farm's motion to quash deposition notice of Ms. Manduca as irrelevant and disproportionate).[5] Plaintiff has not established that Ms. Manduca had any connection to, or has any knowledge of, the handling of his insurance claim. *See Evans*, 216 F.R.D. at 518–19 (N.D. Okla. 2003). Plaintiff has available to him a much less intrusive and burdensome means to prosecute his claims, and until he avails himself of that option and demonstrates what—if any—unique, relevant knowledge Ms. Manduca may have relating to his claims, the Court should not allow her deposition to proceed.

WHEREFORE, State Farm respectfully requests that the Court grant its motion to quash the Manduca Notice and for a protective order preventing the deposition of Nicole Manduca.

---

[5] Judge Balkman recently granted State Farm's motion to quash the deposition of Ms. Manduca in Cleveland County, *Foster v. State Farm Fire & Casualty Co.*, No. CJ-2023-1426. Judge Balkman held that any deposition of Ms. Manduca was premature until and unless plaintiffs had provided evidence connecting the same alleged "scheme" to the facts of their case.

Respectfully Submitted,


*/s/Carrie B. McNeer*
Carrie B. McNeer, OBA No. 22235
Grant A. Fitz, OBA No. 19806
Nathan A. Miramontes, OBA No. 36212
GABLEGOTWALS
110 N. Elgin Ave., Suite 200
Tulsa, OK 74120-1490
(918) 595-4800
(918) 595-4990 (fax)
cmcneer@gablelaw.com
gfitz@gablelaw.com
nmiramontes@gablelaw.com

-and-

Lance E. Leffel, OBA No. 19511
Ashlyn M. Smith, OBA No. 34025
GABLEGOTWALS
BOK Park Plaza
499 W. Sheridan Ave., Suite 2200
Oklahoma City, OK 73102
(405) 235-5500
(405) 235-2875 (fax)
lleffel@gablelaw.com
asmith@gablelaw.com

***Attorneys for Defendant***
***State Farm Fire and Casualty Company***

12

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants (names only are sufficient):

Reggie N. Whitten
Michael Burrage
Blake Sonne
Hannah Whitten
John S. Sanders
Jake Denne
James E. Warner, III

*/s/Carrie B. McNeer*

13