# IN THE UNITED STATES DISTRICT COURT OF FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JORDAN WIESMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. CIV-25-50-JD |
| STATE FARM FIRE AND CASUALTY | ) | *Removed from* Case No. CJ-2024-7628 |
| COMPANY, HEATHER COTTRILL, an | ) | Oklahoma County District Court |
| individual, and HEATHER COTTRILL | ) | |
| INSURANCE & FINANCIAL | ) | |
| SERVICES, LLC, | ) | |
| | ) | |
| Defendants. | | |

## DEFENDANT STATE FARM'S RESPONSE TO
## PLAINTIFF'S RENEWED MOTION TO REMAND AND BRIEF IN SUPPORT

This is Plaintiff's third attempt to undo this Court's jurisdictional ruling. Doc. 14 (Motion to Remand); Doc. 15 (Amended Motion to Remand). This Court has already denied Plaintiff's effort to evade federal jurisdiction. *See* Doc. 28 (denying Motion to Remand). This Court should do so again.[1]

### INTRODUCTION

Plaintiff seeks reconsideration of the Court's prior remand ruling based on (1) a purported intervening change in law and (2) purported new evidence. Neither satisfies the reconsideration standard.

---

[1]    As a preliminary matter, although styled as a "Renewed Motion to Remand," the Court should treat the Motion as one for reconsideration. Plaintiff seeks to revisit the Court's prior remand rulings based on purported new law and evidence, but relies on the same underlying facts, incorporates prior briefing, and repeatedly challenges the Court's earlier analysis. These are hallmarks of a reconsideration motion. State Farm therefore responds under that standard, while maintaining that nothing in the Motion alters the Court's prior remand analysis and therefore stands on and incorporates its prior briefing.

***First***, Plaintiff cites *Hain Celestial Group, Inc. v. Palmquist*, 146 S. Ct. 724 (2026), to argue that this Court's prior order rested on an "impermissible merits-based analysis." Doc. 50 at 1. That contention is misplaced. This Court's prior rulings faithfully applied well-settled Tenth Circuit precedent permitting a finding of fraudulent joinder where a plaintiff cannot "establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013). Moreover, the propriety of that framework was not at issue in *Hain*. *Hain*, 146 S. Ct. at 729. Accordingly, *Hain* did not address—much less alter—the Tenth Circuit's fraudulent-joinder framework. Because *Hain* is not an intervening change in controlling law, it provides no basis for reconsideration.

***Second***, Plaintiff submits a Declaration in support of his claims against Agent Cottrill. *See* Doc. 50, Pl.'s Ex. 3. To the extent Plaintiff relies on Pl.'s Ex. 3 as "new evidence," it does not qualify. Pl.'s Ex. 3 merely repackages—and elaborates on—the same allegations already asserted in his Complaint. These are facts Plaintiff knew and could have presented during the original remand briefing. Because Pl.'s Ex. 3 serves only to support and verify Plaintiff's existing allegations—not to introduce new, previously unavailable facts—it provides no basis for reconsideration.[2]

---

[2] Plaintiff also relies on state court rulings denying motions to dismiss in other cases. Doc. 50 at 13 (referring to Pl.'s Ex. 1). Those cases are inapposite because they apply Oklahoma's pleading standard—not the fraudulent joinder standard. A motion to dismiss tests only the sufficiency of the pleadings and assumes the alleged facts are true, *Knox v. Okla. Gas & Elec. Co.*, 2024 OK 37, ¶ 18, 549 P.3d 1260, 1267, whereas this Court may look beyond the pleadings to determine whether joinder is a sham. *Smoot v. Chicago, R.I. & P. R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967). That distinction is dispositive.

Plaintiff offers no basis to disturb the Court's prior jurisdictional ruling. He identifies neither an intervening change in controlling law nor newly discovered evidence. The Motion should therefore be denied.

## BACKGROUND

This Court previously set forth the factual background in its remand order. *See* Doc. 28. Because Plaintiff alleges no new facts, State Farm relies on that summary.

In short, State Farm determined that Plaintiff's covered damages did not exceed the deductible and issued no payment, prompting Plaintiff to assert breach of contract and bad faith claims. To defeat diversity jurisdiction, Plaintiff also sued his non-diverse agent and her agency—Heather Cottrill and Heather Cottrill Insurance & Financial Services, LLC[3]— asserting claims for negligent procurement, negligent misrepresentation, and constructive fraud. State Farm removed the case based on fraudulent joinder, and Plaintiff moved to remand.

In his Amended Motion to Remand, Plaintiff argued that State Farm failed to establish fraudulent joinder because he adequately alleged claims against Cottrill. *See* Doc. 15. This Court rejected that argument, concluding Plaintiff lacked a reasonable basis for

---

[3]   This Motion will refer to Heather Cottrill and Heather Cottrill Insurance and Financial Services, LLC collectively as "Cottrill."

those claims. Doc. 28 at 14.[4] Plaintiff now seeks to "renew" his motion based on an alleged

intervening change in law and purported new evidence. Neither warrants reconsideration.

The Motion should be denied.

## LEGAL STANDARD

Reconsideration is appropriate only where the movant shows "(1) an intervening

change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need

to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d

1005, 1012 (10th Cir. 2000) (citation omitted). It may also be warranted where the court

"has misapprehended the facts, a party's position, or the controlling law." *Id.*

Reconsideration is not a vehicle "to revisit issues already decided or to raise arguments that

could have been presented earlier." *Id*.

---

[4]    This Court has previously denied other motions to remand on grounds of fraudulent
joinder. *See, e.g., Newell v. State Farm Fire & Cas. Co.*, No. CIV-25-562-R, 2025 WL
2649661 (W.D. Okla. Sept. 15, 2025); *Cook v. State Farm Fire & Cas. Co.*, No. CIV-25-
1098-R, 2025 WL 3461564 (W.D. Okla., Dec. 2, 2025); *Porter v. State Farm Fire & Cas.
Co.*, No. CIV-25-187-R, 2025 WL 1151682 (W.D. Okla., Apr. 18, 2025); *Weichbrodt v.
State Farm Fire & Cas. Co.*, No. CIV-25-360-R, 2025 WL 1848819 (W.D. Okla., July 2,
2025); *Gamble v. State Farm Fire & Cas. Co.*, No. CIV-25-396-R, 2025 WL 1848818
(W.D. Okla. July 2, 2025). Other courts in this District have also denied remand on grounds
of fraudulent joinder. *See, e.g., McBride v. State Farm Fire & Cas. Co.*, No. CIV-25-421-
G, 2026 WL 879033 (W.D. Okla., Mar. 30, 2026); *Moore v. State Farm Fire & Cas. Co.*,
No. CIV-25 181-G, 2026 WL 878450 (W.D. Okla., Mar. 30, 2026); *Nguyen v. State Farm
Fire & Cas. Co.*, No. CIV-25-812-G, 2026 WL 879299 (W.D. Okla., Mar. 30, 2026);
*Robbins v. State Farm Fire & Cas. Co.*, No. CIV-25-324-G, 2026 WL 878449 (W.D. Okla.,
Mar. 30, 2026); *Stone v. State Farm Fire & Cas. Co.*, No. CIV-25-7-D, 2025 WL 3090772
(W.D. Okla. Aug. 20, 2025); *Hall v. State Farm Fire & Cas. Co.*, No. CIV-25-12-JD, 2025
WL 2905205 (W.D. Okla., Oct. 13, 2025); *Johnson v. State Farm Fire & Cas. Co., No*.
CIV-25-1000-HE, Doc. 19 (W.D. Okla., Nov. 10, 2025).

To establish fraudulent joinder, the removing party must show either "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher*, 733 F.3d at 988 (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)). Although this standard presents a "high hurdle," it is not insurmountable. *Cisneros v. State Farm Fire & Cas. Co.*, No. CIV-25-42-R, 2025 WL 1151685, at *1 (W.D. Okla. Apr. 18, 2025) (quoting *Dutcher*, 733 F.3d at 988).

Where fraudulent joinder is alleged, the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any available means. *Smoot*, 378 F.2d at 881–82. In doing so, the court is not "compelled to believe whatever the plaintiff says in his complaint" and may disregard conclusory allegations. *Brazell v. Waite*, 525 F. App'x 878, 881, 883 (10th Cir. 2013). Thus, a federal court may look beyond the pleadings to determine whether joinder is a sham designed to defeat removal. *Id*. at 881 (*quoting* Smoot, 378 F.2d at 881–82).

In short, remand is improper where the plaintiff asserts no "possibly viable" claim against the non-diverse defendant—that is, where the issue is capable of summary determination and can be proven with complete certainty. *Montano v. Allstate Indem.*, 2000 WL 525592, at *2 (10th Cir. 2000) (Table); *Smoot*, 378 F.2d at 882.

**ARGUMENTS AND AUTHORITIES**

**I.          Plaintiff's renewed arguments do not disturb this Court's prior jurisdictional determination.**

5

This Court has already determined that Plaintiff cannot state a viable claim against Cottrill. Neither the Supreme Court's decision in *Hain* nor Pl.'s Ex. 3 undermines that ruling. If anything, both ***confirm*** it.

### A. *Hain* is not an intervening change in law.

Plaintiff's assertion that *Hain* constitutes "new and obviously binding authority on fraudulent joinder," Doc. 50 at 2, is misplaced. The Supreme Court expressly noted that neither the propriety of the Fifth Circuit's improper joinder doctrine nor its application below was at issue. *Hain*, 146 S. Ct. at 729–30. In other words, the Court did not address— let alone alter—the fraudulent joinder doctrine.

Plaintiff relies on Justice Thomas's concurrence, which questioned certain merits-based inquiries. *Id*. at 735–36. But no other Justice joined that concurrence, and a lone concurrence cannot overrule binding precedent. Accordingly, nothing in *Hain* undermines this Court's application of the Tenth Circuit's fraudulent joinder standard. *Saldierna v. State Farm Fire & Cas. Co.*, No. 5:25-cv-00821-JD, Doc. 26 at 17 (W.D. Okla. May 5, 2026) (Order) ("[T]h[is] Court is bound by the precedent of the Tenth Circuit and the Supreme Court, and until either court abrogates the doctrine of fraudulent joinder, the Court must apply the doctrine as defined.").

Because *Hain* does not constitute an intervening change in controlling law, it provides no basis for reconsideration or remand.

### i. *Hain* did not address the fraudulent joinder doctrine.

In *Hain*, the district court applied the Fifth Circuit's improper joinder standard and denied remand, concluding the plaintiffs failed to state a plausible claim against a

6

nondiverse defendant. 146 S. Ct. at 729. The Fifth Circuit reversed, concluding the district court erred in its joinder analysis and therefore lacked jurisdiction to enter judgment. *Id*. at 729–30.

The Supreme Court addressed only whether a district court retains jurisdiction to enter judgment after erroneously dismissing a nondiverse defendant. *Id*. at 728. It unanimously held it does not. *Id*. at 730–31. In doing so, the Court emphasized that it was not asked to revisit the joinder ruling itself and that, had the analysis been correct, jurisdiction would have been lacking from the outset. *Id*. at 730.

Thus, the propriety of the fraudulent joinder doctrine—and the framework used to apply it—was not before the Court. The only issue was the consequence of applying that framework incorrectly. *Id*. at 728–30.

Accordingly, *Hain* does not alter the fraudulent joinder standard. Even Justice Thomas acknowledged the issue remains open for a future case. *Id*. at 736. For present purposes, *Hain* is relevant only to the extent of its holding, and that holding has no bearing on the issues raised here.

### ii.  *Hain* does not "counsel remand."

Plaintiff contends that *Hain* "clearly counsels remand to avoid costly waste of judicial resources that will result from any judgment rendered without subject matter jurisdiction." Doc. 50 at 2. ***It does not***.

Plaintiff relies heavily on the interlocutory nature of remand decisions to argue that *Hain* favors remand in the face of fraudulent joinder. *Id*. at 6–10. Yet even if interlocutory rulings carry some risk of inefficiency, that concern does not override a defendant's

7

statutory right to removal where jurisdiction exists. *See* 28 U.S.C. § 1332. The fraudulent joinder doctrine exists precisely to protect that right and prevent plaintiffs from defeating federal jurisdiction through sham claims against nondiverse defendants. *See e.g.*, *Alabama Great So. Ry. Co. v. Thompson*, 200 U.S. 206, 218 (1906) ("the Federal courts may and should take such actions as will defeat attempts to wrongfully deprive parties entitled to sue in the Federal courts of the protection of their rights in those tribunals."); *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 185-86 (1907) ("While the plaintiff, in good faith, may proceed in the state courts upon a cause of action which he alleges to be joint, it is equally true that the Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction."); *Wilson v. Rep. Iron & Steel Co.*, 257 U.S. 92, 97 (1921) ("A civil case, at law or in equity, presenting a controversy between citizens of different states and involving the requisite jurisdictional amount, is one which may be removed from a state court into the District Court of the United States by the defendant…and this right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.").

It is likewise settled that "a court possessed of jurisdiction generally must exercise it." *Ohio v. Wyandotte Chems. Corp.*, 401 U.S. 493, 497 (1971) (citing *Cohens v. Virginia*, 6 Wheat. 264, 404, 5 L.Ed. 257 (1821)). Thus, generalized concerns about "judicial

economy" cannot justify remand where the requirements of fraudulent joinder—and therefore diversity jurisdiction—are satisfied.[5]

Nor does *Hain* suggest otherwise. To the contrary, the Court recognized that jurisdictional defects may be cured prior to final judgment, including by properly dismissing a nondiverse party. *See, e.g.*, *Hain*, 146 S.Ct. at 728 ("A district court's judgment can stand, however, if the district court 'cured' the jurisdictional defect before entering final judgment, such as by properly dismissing a nondiverse party from the case."); *id*. at 730 (noting the exception to the general rule that a decision made without facial jurisdiction must be vacated: "If a district court 'cures' a jurisdictional defect prior to final judgment, then the court of appeals is not required to vacate that judgment even if, at some earlier point in the case, the district court lacked jurisdiction"); *id*. at 732 (observing that if the district court's remand decision had been correct, the case "would be more like *Caterpillar, Inc. v Lewis*, 519 U.S. 61 (1996) where the District Court correctly and finally dismissed [the diversity spoiler] with the parties' consent and left behind a completely diverse set of parties."). Accordingly, where, as here, the Court correctly dismissed the nondiverse defendant under the fraudulent joinder doctrine, diversity jurisdiction is secure.

---

[5] Plaintiff cites a recent decision by Judge Wyrick, noting that one reason the fraudulent joinder standard is stringent is "the risk of post-merits reversal for lack of jurisdiction." Doc. 50 at 8 (quoting *Richardson v. Allstate Veh. & Prop. Ins. Co.*, No. CIV-25-734-PRW, 2026 WL 526387, at *1 (W.D. Okla. Feb. 25, 2026)). Notably, and with respect to Judge Wyrick, however, this is the only rationale identified in *Richardson* that is unsupported by citation to authority.

In short, *Hain* does not counsel remand in the face of a proper fraudulent joinder determination. It confirms that jurisdiction turns on whether the defect is properly resolved—not on speculative concerns about later appellate review.

### iii. *Hain* is not a "cautionary tale" because this Court's prior remand decision was correct.

Plaintiff characterizes *Hain* as a "cautionary tale" because any future judgment could be voided by an incorrect remand decision. Doc. 50 at 7. But that argument has force only if this Court erred in its prior ruling. ***It did not***.

As the Court recognized in denying remand, Plaintiff received the replacement cost policy he requested. He therefore cannot show that Cottrill failed to procure the promised coverage, and his negligent procurement claim fails as a matter of law. *See* Doc. 28 at 7–8. More importantly, the Court found that State Farm's claim decision turned on the adjuster's determination that the loss did not exceed the deductible—not on any defect in the coverage procured. Accordingly, Plaintiff's alleged damages arise from claim handling—not procurement.

The same defect forecloses Plaintiff's negligent misrepresentation and constructive fraud claims. As the Court explained:

> The Court declines to conclude that a reasonable basis for a constructive fraud/negligent misrepresentation claim is an inherent or implied representation attendant to the issuance of an insurance policy. If that were the case, almost no circumstances would exist in which an agent could not be joined as a party to a lawsuit relating to coverage . . . . Plaintiff's damages stem from State Farm's calculation of the repairs to his property, not from Plaintiff's lack of coverage related to the above alleged misrepresentations

Doc 28. at 12.

Plaintiff's claims center on State Farm's adjustment of his roof claim—not any representation by Cottrill. There is no dispute that Cottrill provided the replacement cost policy she allegedly represented. Because Plaintiff cannot establish a causal connection between any alleged misrepresentation and his damages, his claims fail as a matter of law.

At bottom, Plaintiff identifies no basis to disturb the Court's determination that his alleged damages arise from claim adjustment—not any conduct by Cottrill. The remand ruling therefore remains correct, and Plaintiff's "cautionary tale" argument is misplaced.[6]

### iv. Justice Thomas's concurrence does not alter the governing Tenth Circuit standard for fraudulent joinder.

In his concurrence, Justice Thomas criticized "the lower courts' more recent approach" of applying a Rule 12(b)(6)-type analysis to allegations of fraudulent joinder. *Hain*, 146 S. Ct. at 735. Plaintiff relies on that concurrence to argue this Court engaged in an "improper merits-based denial of remand." Doc. 50 at 10. That argument fails at the outset because a concurrence joined by no other Justice is not binding authority.

Under controlling Tenth Circuit law, courts may "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Smoot*, 378 F.2d at 881–82. As this Court well knows, a single-justice concurrence does not override long-standing circuit precedent. *See United States v. Hood*, 615 F.3d 1293, 1300 (10th Cir. 2010) (rejecting reliance on a lone concurrence because it did not reflect the view of a majority).

---

[6]    Judge Dishman mentioned *Hain* in a recent Order denying remand and observed that "if the cases proceed to judgment, Plaintiffs can challenge the Court's jurisdiction on appeal." *Taber v. State Farm Fire & Cas. Co.*, No. CIV-25-816-JD, Doc. 24 at 8 n. 2 (W.D. Okla Apr. 6, 2026). The same is true here, but again, that is not a sufficient reason to remand an action properly before this Court.

Other courts have likewise recognized that *Hain* does not alter existing fraudulent joinder standards. *See also Skidmore v. Schinke*, __ F.4th __, 2026 WL 860093, at *3 n.4 (4th Cir. Mar. 30, 2026) (acknowledging Justice Thomas's concurrence in *Hain* but holding that the second prong of the fraudulent joinder analysis "remains good law"); *Lee v. Harris McKay Co., Inc.*, No. 1:25-cv-640-CLM, 2026 WL 580174, at *4 (N.D. Ala. Mar. 2, 2026) (noting the court's seeming agreement with Justice Thomas's concurrence but acknowledging that the Eleventh Circuit's fraudulent joinder framework remains binding precedent and applying it accordingly).

Thus, Plaintiff's reliance on Justice Thomas's concurrence is misplaced. This Court was required to apply—and correctly applied—binding Tenth Circuit precedent. Nothing in *Hain*, and certainly not a lone concurrence, alters that conclusion.

### B. Plaintiff's Declaration (Pl.'s Ex. 3) does not introduce any new, material facts.

Plaintiff submits a Declaration of Jordan Wiesman as Pl.'s Ex. 3 to his Renewed Motion. Doc. 50 at 2 n.2. Although not previously before the Court, Pl.'s Ex. 3 does not introduce any new, material facts that would alter the Court's prior analysis.

Plaintiff describes Pl.'s Ex. 3 as serving "to support and verify the validity and accuracy of Plaintiff's claims against Cottrill." *Id*. Consistent with that description, Plaintiff repeatedly cites Pl.'s Ex. 3 alongside the same allegations already set forth in the Complaint. *See, e.g.*, Doc. 50 at 3 (citing Compl. ¶¶ 15, 23, 26, 63; "*see also* **Exhibit 3**"). This pattern continues throughout the Motion. Pl.'s Ex. 3 therefore does not expand the factual record—it simply repackages and reiterates existing allegations.

To the extent Plaintiff relies on Pl.'s Ex. 3 to support his renewed arguments, it provides no basis to revisit the Court's prior ruling. A party cannot manufacture a basis for reconsideration by submitting a post-removal declaration that merely echoes the pleadings without adding new substantive facts. That is exactly what Pl.'s Ex. 3 does. Because Pl.'s Ex. 3 introduces no new, previously unavailable facts, it does not satisfy the reconsideration standard. *Servants of Paraclete*, 204 F.3d at 1012 (reconsideration is appropriate only upon a change in controlling law, new evidence, or clear error).

Accordingly, it does not alter the Court's conclusion that Plaintiff lacks a viable claim against the non-diverse defendant.

## CONCLUSION

The Supreme Court's decision in *Hain* does not undermine the correctness of this Court's prior remand order, and the introduction of Pl.'s Ex. 3 does not constitute new, material evidence. Accordingly, Plaintiff has failed to establish any basis for the relief requested, and the Motion should be denied.

Respectfully submitted,

s/Nathan A. Miramontes

Carrie B. McNeer, OBA No. 22235
Grant A. Fitz, OBA No. 19806
Nathan A. Miramontes, OBA No. 36212
**GABLEGOTWALS**
110 N. Elgin Avenue
Suite 200
Tulsa, OK 74120-1490
(918) 595-4800
(918) 595-4990 (fax)
cmcneer@gablelaw.com
gfitz@gablelaw.com
nmiramontes@gablelaw.com

-and-

Lance E. Leffel, OBA No. 19511
**GABLEGOTWALS**
BOK PARK PLAZA
499 W. Sheridan Ave., Suite 2200
Oklahoma City, Oklahoma 73102-7101
(405) 235-5500
(405) 235-2875 (fax)
lleffel@gablelaw.com

**Attorneys for Defendant State Farm Fire and Casualty Company**

14

**CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants (names only are sufficient):

Reggie N. Whitten
Michael Burrage
Blake Sonne
Hannah Whitten
John S. Sanders
Jake Denne

s/*Nathan A. Miramontes*
Nathan A. Miramontes